# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE DISTRICT
COURT OF FRANKFURT, GERMANY                  Case No: 6:19-mc-11-Orl-37GJK
IN THE FAMILY MATTER OF J.N.N. *et
al. v.* JASON RUSSEL HEIDBRINK,

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | ***EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a) (Doc. No. 1)** |
| **FILED:** | **March 1, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

## I.  THE APPLICATION.

On March 1, 2019, the United States of America (the "Government") filed an *Ex Parte* Application for Order under 28 U.S.C. § 1782(a) (the "Application").  Doc. No. 1.  The Application stems from Letters Rogatory issued in connection with a pending paternity lawsuit (the "Lawsuit") before the District Court of Frankfurt, Germany (the "German Court").  Doc. No. 1; 1-2.[1]  The Lawsuit seeks to establish the paternity for J.N.N., a minor residing in Germany. Doc. No. 1 at 2.  Jason Russel Heidbrink has been identified in that suit as J.N.N.'s putative father. Doc. Nos. 1 at 2, 1-2.  The German Court seeks four buccal swabs from Mr. Heidbrink, copies of valid identification, a photograph, and a thumb print. Doc. Nos. 1 at 2, 1-2. Initially, Mr. Heidbrink

---

[1] The Letters Rogatory are attached to the Application.   Doc. No. 1-2.

indicated to the Government that he would voluntarily comply with the Letters Rogatory issued by the German Court and schedule an appointment for paternity testing at a facility located in Orlando, but he did not.   Doc. No. 1 at 2-3.   The Government followed up with written correspondence delivered to Mr. Heidbrink at five separate addresses on three separate occasions seeking his cooperation but received no response from Mr. Heidbrink.[2]  Doc. Nos. 1 at 3; 1-3. Now, the Government requests that Assistant United States Attorney, E. Kenneth Stegeby be appointed as a Commissioner for the purpose of "issuing subpoenas and to do all else that may be necessary to execute the Letter of Request for international judicial assistance."   Doc. No. 1 at 10.

## II.   LAW.

A district court has the authority to grant an application for judicial assistance if the applicant satisfies the statutory requirements set forth in 28 U.S.C. § 1782(a).[3]  Specifically, the applicant must satisfy the following requirements:

1. The request must be made "by a foreign or international tribunal," or by "any interested person";

2. The request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing";

---

[2] Mr. Heidbrink appears to live in Maitland, Florida.   That is the address identified in the Letters Rogatory, and it is also one of the addresses used by the Government in attempting to follow up with Mr. Heidbrink.   Doc. Nos. 1-2 at 4, 1-3 at 2.   Three of the other four addresses are also located within this District.   Doc. No. 1-3.

[3] "The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.   The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.   By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.   The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.   To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.   A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege."   28 U.S.C. § 1782(a).

3.   The evidence must be "for use in a proceeding in a foreign or international tribunal"; and

4.   The person from whom discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007) (citing 28 U.S.C. § 1782(a)).   If these requirements are met, then § 1782 authorizes, but does not require, the court to provide assistance.

*Id.* at 1332 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004)).

Once the foregoing requirements are satisfied, the court must consider whether it should exercise its discretion under § 1782.   *Id.* at 1334 (citing *Intel*, 542 U.S. at 264).   In doing so, the court should consider the following factors:

1.   Whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant";

2.   "[T]he nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

3.   "[W]hether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

4.   Whether the request is otherwise "unduly intrusive or burdensome."

*Id.* (citing *Intel*, 542 U.S. at 264-65).   As to the final factor, requests which are "unduly intrusive or burdensome" may be rejected or trimmed by the court.   *Intel*, 542 U.S. at 265.

## III.   **ANALYSIS.**

The Court must first consider whether the Government has satisfied each of the statutory requirements of § 1782.   The request was made by a foreign tribunal and is limited to obtaining

evidence related to Mr. Heidbrink's potential biological connection to J.N.N and confirmation of Mr. Heidbrink's identity.   Doc. No. 1-2.   The evidence sought is for use in an ongoing civil proceeding occurring in a foreign tribunal.   *Id*.   Finally, the discovery relates to Mr. Heidbrink personally, and Mr. Heidbrink resides or is located in this District.   Doc. No. 1 at 2-3.   In light of the foregoing, the undersigned finds that the Government has satisfied the statutory requirements of § 1782.   Therefore, the Court may grant the Application.

Next, the Court must determine whether to exercise its discretion and grant the Application. The first *Intel* factor weighs in favor of granting the Application, as the information sought pertains to an individual named as a party, but one who is located outside of the German Court's jurisdiction.   *See Intel*, 542 U.S. at 264 ("A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence.").   The second *Intel* factor weighs in favor of granting the Application, since the information is sought by a civil tribunal of Germany for purposes of resolving a paternity action.   Doc. Nos. 1 at 1-2, 1-2.   The third *Intel* factor weighs in favor of granting the Application, since there is no indication the Application is an attempt to circumvent foreign proof-gathering restrictions or other policies of Germany or the United States. Finally, the fourth *Intel* factor weighs in favor of granting the Application, since the requested discovery does not appear to be unduly intrusive or burdensome. *See In re Request for Judicial Assistance from the Dist. Ct. in Svitay*, 529 F. Supp. 2d 522, 529 (E.D. Va. 2010) (A buccal swab to test for paternity is "a simple request for the production of evidence that is routinely provided in support of paternity actions abroad; it is not unduly intrusive or burdensome.").   In light of the foregoing, the undersigned finds that the Court should exercise its discretion and grant the Application.

IV.     **CONCLUSION**.

Accordingly, it is **RECOMMENDED** that:

1.  The Application (Doc. No. 1) be **GRANTED**;

2.  Assistant United States Attorney, E. Kenneth Stegeby, Esq., be appointed as a Commissioner for the purpose of rendering assistance as requested in the Letters Rogatory; and

3.  The Commissioner be given the ability to administer such oaths, take such testimony or statements, issue such subpoenas, and take such other actions as are necessary to obtain the evidence requested in the Letters Rogatory.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on March 11, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy